IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| RODOLFO DANIEL CAJAL,<br><br>    Plaintiff,<br><br>v.<br><br>CITY CHEVROLET LLC d/b/a CABLE-DAHMER OF KANSAS CITY,<br><br>    Defendant. | Case No. 4:22-cv-325<br><br>(Removed from the Circuit Court of Jackson County, Missouri at Kansas City; Case No. 2216-CV06495) |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant City Chevrolet LLC d/b/a Cable-Dahmer of Kansas City ("Defendant"), by and through its respective undersigned counsel, and pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1441(a) and 28 U.S.C. § 1446, hereby files this notice of the removal of this cause from the Circuit Court of Jackson County, Missouri at Kansas City to the U.S. District Court for the Western District of Missouri, Western Division. In support of this Notice of Removal, Defendant states:

1.  On or about March 21, 2022, Plaintiff Rodolfo Daniel Cajal ("Plaintiff") filed an action in the Circuit Court of Jackson County, Missouri, captioned *Rodolfo Daniel Cajal v. City Chevrolet LLC d/b/a Cable-Dahmer of Kansas City*, Case No. 2216-CV06495. [Exhibit 1, State Court Filings, at 1.] As required under § 1446(a), copies of all process, pleadings, and orders served on Defendant are attached hereto as Exhibit 1.

2.  Defendant received Plaintiff's initial pleading through service or otherwise on April 18, 2022. [Exhibit 1, State Court Filings, at 21.] The expiration of thirty (30) days from

that date falls on Wednesday, May 18, 2022, for which Defendant is to answer or remove this action. *See* 28 U.S.C. § 1446(b); Fed. R. Civ. P. 6. This deadline has not yet expired.

3. This Notice of Removal is filed within the period authorized by 28 U.S.C. § 1446(b).

4. Plaintiff alleges that he is a resident of Missouri. [Exhibit 1, State Court Filings, at 1 (Petition, ¶ 1).] Defendant City Chevrolet LLC, is a Missouri LLC, whose members are citizens of Missouri.

5. There are no other Defendants to this action.

6. The Circuit Court of Jackson County, Missouri, is located within the Western District of Missouri. 28 U.S.C. § 110. Therefore, venue is proper in this Court and its Western Division because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

**Federal Question Jurisdiction**

7. Plaintiff's Petition alleges that Defendant violated the federal Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, *et seq.*, specifically stating:

> The purchase of the Vehicle by Plaintiff from Defendant was a consumer credit transaction within the meaning of the Truth in Lending Act (TILA), 15 U.S.C. § 1602 and Regulation Z § 226.2. Plaintiff is a consumer within the meaning of TILA…. Pursuant to 15 U.S.C. § 1631, Defendant was required to disclosed (sic) certain information in conjunction with Plaintiff's purchase and financing of the Vehicle. Pursuant to 15 U.S.C. § 1638(a)(1), Defendant was obligated to accurately disclose the identity of the creditor. Defendant violated TILA and its implementing regulations, 15 U.S.C. § 1638(b) and Regulation Z § 226.17(b), in

that Defendant made disclosures to Plaintiff when financing was not secured. Defendant violated the TILA because the RISC disclosures are rendered meaningless and/or illusory by the approval letter and Financial Terms Agreement that Plaintiff was also required to sign at the time of purchase.

(Petition, ¶¶ 65, 67-71.) Plaintiff further alleges that by reason of these TILA violations that Plaintiff is entitled to damages "in accordance with 15 U.S.C. § 1640," under the Act, including twice the finance charge, actual damages and attorneys' fees. (Petition, ¶ 76.)

8. Plaintiff's Petition also alleges that Defendant violated the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 *et seq.*, specifically stating:

> Plaintiff is an applicant as that term is defined by 15 U.S.C. § 1691a(b) and 12 C.F.R. § 202.2(e). Plaintiff is therefore entitled to the benefit of the prohibitions found in the ECOA. Plaintiff and Defendant were involved in a "credit transaction" as that term is defined in 12 C.F.R. § 202.2(m). After Plaintiff had purchased the vehicle, Defendant advised Plaintiff that the deal with Mazuma Credit Union "fell through" and that the Defendant would not honor the RISC, each of which would constitute an adverse action under the ECOA. At no time did Defendant provide Plaintiff with any written document in connection with the denial or revocation of credit or with the written notification required by 15 U.S.C. § 1691(d) and 12 C.F.R. § 202.9(a)(2).

(Petition, ¶¶ 78-79, 84, 86 and 88.) Plaintiff's prayer in his Petition demands: "a. The Court award Plaintiff actual damages as provided by 15 U.S.C. § 1691e(a); b. The Court award Plaintiff statutory punitive damages as provided by 15 U.S.C. § 1691e(b); c. The Court award to Plaintiff reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1691e(d); and d. Grant such other a further relief as may be appropriate."

9. As Plaintiff's claims against Defendant include multiple claims arising under federal law, this Court has original jurisdiction over those federal claims pursuant to 28 U.S.C. § 1331, and this matter may, therefore, be removed to this Court under the provisions of 28 U.S.C. § 1441(a).

**Supplemental Jurisdiction**

10. Plaintiff's Petition further alleges that Defendant "committed deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact, in violation of § 407.020 R.S.Mo.", specifically stating:

> Defendant misrepresented to Plaintiff that Mazuma Credit Union had approved the deal on October 25, 2021, the day of the sale. Defendant omitted concealed, or suppressed (sic) the fact that Mazuma Credit Union would reject the assignment of the RISC. Defendant then misrepresented to Plaintiff that Mazuma Credit Union had not funded the sale of the vehicle... In the alternative, Defendant engaged in the unfair practice of entering into a RISC that contained an assignment without any communication with or the knowledge of the assignee. Defendant misrepresented to Plaintiff that Plaintiff had to return the vehicle…".

(Petition, ¶¶ 46, 49-53.) While this claim arises under state, as opposed to federal, law, this claim is so related to Plaintiff's TILA and ECOA claims "in the action within such original jurisdiction that [it] form[s] part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Plaintiff's complaint under the MMPA alleges misrepresentation and failures to disclose information to Plaintiff regarding the return of the vehicle, as well as the status of the financing being sought through Mazuma Credit Union, which are entirely related to, and intertwined with Plaintiff's TILA and ECOA claims, such that similar allegations can be found throughout the various counts of Plaintiff's Petition.

11. Accordingly, Plaintiff's state law claim for the alleged violations of § 407.020, R.S.Mo. is a claim over which this Court can exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a), and may be removed to this Court under the provisions of 28 U.S.C. § 1441(a).

12. There are no other matters pending in state court that this Court will be required to resolve in conjunction with the removal of this matter.

13. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be served upon Plaintiff, and Defendant will timely file a copy of this Notice of Removal with the Clerk of the Court for the Circuit Court of Jackson County, Missouri at Kansas City.

14. Defendant expressly reserve all of its rights and defenses in this action, and the right to assert any defenses and/or objections to which it is entitled.

15. Defendant also reserves the right to request from this Court an order compelling Plaintiff to arbitrate his claims in this matter, pursuant to the binding arbitration agreement between the parties.[1]

Wherefore, Defendant City Chevrolet LLC d/b/a Cable-Dahmer of Kansas City respectfully requests that the above-referenced state court action be removed from the Circuit Court of Jackson County, Missouri at Kansas City to the U.S. District Court for the Western District of Missouri, Western Division, that the Court accept jurisdiction of this case, and that the Court grant such other relief as Defendant may show itself entitled that is consistent with said removal that the Court deems to be reasonable, appropriate, and just.

---

[1] "Removal is a procedural action that is not inconsistent with a party's right to arbitrate the merits." *Rigsby v. XL Health Corp.*, 11-00261-CV-W-DGK, 2011 WL 2563179, at *2 (W.D. Mo. June 28, 2011) (citing Halim v. Great Gatsby's Auction Gallery, 516 F.3d 557, 562 (7th Cir.2008)); *See also Randazzo v. Anchen Pharmaceuticals, Inc.,* 4:12-CV-999 CAS, 2012 WL 5051023, at *8 (E.D. Mo. Oct. 18, 2012) (discussing *Cicle v. Chase Bank USA*, 583 F.3d 549, 551, 557 (8th Cir.2009)).

Respectfully submitted,

**Case Linden P.C.**


s/Patric S. Linden
Patric S. Linden, MO 49551
Shane C. Hamman, MO 62341
2600 Grand Boulevard, Suite 300
Kansas City, MO 64108
Tel: (816) 979-1500
Fax: (816) 979-1501
patric.linden@caselinden.com
shane.hamman@caselinden.com
Attorneys for Defendant

**Certificate of Service**

The undersigned certifies that copies of this Notice of Removal document were filed with the Clerk of the Court via CM/ECF and were served by United States Mail, postage prepaid, and by electronic mail on counsel for Plaintiff, and to the Clerk of Court for Jackson County, Missouri by electronic filing this 18th day of May, 2022.

Bryan E. Brody
Alexander J. Cornwell
Brody & Cornwell
7730 Carondelet, Suite 135
St. Louis, MO 63105
bbrody@brodyandcornwell.com
acornwell@brodyandcornwell.com
Attorneys for Plaintiff

s/Patric S. Linden
Patric S. Linden